**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

June 26, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Shari M. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 25-1398-SAG

Dear Counsel:

On May 1, 2025, Plaintiff Shari M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. I have considered the record in this case and the parties' briefs. ECF Nos. 9, 10, 12, 13. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the SSA's decision. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") on January 18, 2016, alleging a disability onset date of August 13, 2012 in both applications. Tr. 205-221. Plaintiff was denied initially on July 10, 2023, and upon reconsideration. Tr. 1185. On May 16, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 1256-1272. Following the hearing, on July 20, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 1185-1210. The Appeals Council denied Plaintiff's request for review, Tr. 1174-1180, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Leland Dudek, the Acting Commissioner of Social Security on May 1, 2025. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 *et seq.*

*Shari M. v. Frank Bisignano*
Civil No. 25-1398-SAG
June 26, 2026
Page 2

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 13, 2012, the alleged onset date. Tr. 1189. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "carpal tunnel syndrome, mild lumbosacral degenerative disc disease, GERD, a history of gastric ulcers, obesity, bipolar disorder, and PTSD." Tr. 1190. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 1192. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) subject to the following limitations:  (1) no climbing of ladders, ropes, and scaffolds; (2) no work around hazards such as unprotected heights or dangerous machinery; (3) frequent use of the hands for handling and fingering; (4) simple, routine, repetitive 1-3 step tasks; (5) occasional superficial contact with co-workers and supervisors with "superficial contact" defined as being able to receive simple instructions, ask simple questions, and receive performance appraisals but as unable to engage in more complex social interactions such as persuading other people or resolving interpersonal conflicts; (6) no public contact; (7) no fast paced work or strict production quotas; and (8) limited to jobs which involve very little, if any, change in the job duties or the work routine from one day to the next.

Tr. 1195. The ALJ determined that Plaintiff could perform jobs that existed in significant numbers in the national economy such as washer, store laborer, and hand packager. Tr. 1210. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 1210.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive .

*Shari M. v. Frank Bisignano*
Civil No. 25-1398-SAG
June 26, 2026
Page 3

. . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

IV.    **ANALYSIS**

On appeal, Plaintiff argues that the ALJ improperly evaluated the opinion of treating psychiatrist Dr. Sarah Rossetter by failing to meaningfully consider the factors set forth in 20 C.F.R. § 404.1527(c)[3] after declining to give the opinion controlling weight. ECF No. 10 at 5-10. In response, the SSA contends that the ALJ was not required to explicitly discuss every regulatory factor and adequately considered Dr. Rossetter's opinion by explaining that it was only partially supported by and consistent with the record. ECF No. 12 at 6. The SSA argues that substantial evidence, including generally normal mental status examinations and relatively well-controlled symptoms, supports the ALJ's decision to afford the opinion partial weight. *Id.* at 6-11.

In reply, Plaintiff reiterates that the ALJ failed to sufficiently articulate consideration of the treating physician factors and that the SSA improperly relies on *post hoc* rationalizations. ECF No. 13 at 4. Plaintiff further maintains that the ALJ inadequately addressed evidence supporting Dr. Rossetter's opinion, including similar limitations assessed by a state agency psychologist and vocational expert testimony indicating such limitations would preclude competitive employment. *Id.*

Because Plaintiff filed her application before March 27, 2017, the ALJ was required to evaluate medical opinions pursuant to 20 C.F.R. § 404.1527. Under that regulation, a treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. If an ALJ declines to give a treating source opinion controlling weight, the ALJ must consider the factors set forth in § 404.1527(c)(2)-(6). Although an ALJ need not explicitly discuss each factor, it must be apparent from the decision that the ALJ meaningfully considered them before assigning weight to the opinion. See *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 384-85 (4th Cir. 2021).

The Fourth Circuit's decision in *Dowling* clarified that there are "two rules an ALJ must follow when evaluating a medical opinion from a treating physician" under § 404.1527(c)(2):

---

[3] Plaintiff's SSI claim is governed by the corresponding SSI regulation, 20 C.F.R. § 416.927; because the two provisions are substantively identical, this Opinion will refer only to the DIB regulation, 20 C.F.R. § 404.1527.

*Shari M. v. Frank Bisignano*
Civil No. 25-1398-SAG
June 26, 2026
Page 4

First, it establishes the "treating physician rule," under which the medical opinion of a treating physician is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." Second, if a medical opinion is not entitled to controlling weight under the treating physician rule, *an ALJ must consider each of the following factors to determine the weight the opinion should be afforded*: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of the treatment relationship"; (3) "[s]upportability," i.e., the extent to which the treating physician "presents relevant evidence to support [the] medical opinion"; (4) "[c]onsistency," i.e., the extent to which the opinion is consistent with the evidence in the record; (5) the extent to which the treating physician is a specialist opining as to "issues related to his or her area of specialty"; and (6) any other factors raised by the parties "which tend to support or contradict the medical opinion."

*Savoy v. Berryhill*, No. JMC-19-0999, 2021 WL 9860120, at *3 (D. Md. May 19, 2021) (quoting *Dowling*, 986 F.3d at 384-85).

Here, the ALJ stated the following regarding the opinion of Dr. Rossetter, whom the ALJ identified as "the claimant's psychiatrist," Tr. 1206:

Partial, and not controlling, weight is given to the opinion of Dr. Rossetter (Exhibit B9F/1). In October 2016, Dr. Rossetter opined the claimant was not significantly limited in most factors related to the "paragraph B" criteria and a mental residual functional capacity. She was only moderately limited in her ability to maintain attention and concentration for extended periods of time, her ability to work in coordination with proximity to others without being distracted by them, her ability to respond appropriately to changes in a work setting, and her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. . . . The opinion of Dr. Rossetter is somewhat supported by and consistent with the record, which demonstrates generally unremarkable functioning on mental status examinations and relatively good control of her symptomology despite some occasional complaints of exacerbations during the period under review. During the period under review, the claimant usually presented with a pleasant and euthymic mood despite her subjective complaints. She had no more than mild abnormalities on examination, including with respect to memory, attention, concentration, insight, and judgment. Such findings support most of the limitations opined, and the moderate limitations in maintaining attention for extended periods, responding appropriately, and in working in coordination with proximity to others were addressed in the residual functional capacity. However, those same findings do not support Dr. Rossetter's opinion that the claimant had a moderate limitation in completing a workday or workweek without an unreasonable number and length of rest periods. There are only rare

*Shari M. v. Frank Bisignano*
Civil No. 25-1398-SAG
June 26, 2026
Page 5

> complaints of concentration issues in the claimant's treatment notes during the period under review, and mental status examinations throughout the period under review generally do not reflect any limitations in attention or concentration with the exception of a single notation of a mild impairment in 2012. Additionally, nothing else in the claimant's treatment notes, including subjective reports, suggest that the claimant was unable to maintain a dependable work schedule or complete a normal eight-hour workday during the period under review. Therefore, the opinion of Dr. Rossetter is afforded partial, and not controlling or deferential, weight.

Tr. 1207.

The Court concludes that the ALJ's evaluation of Dr. Rossetter's opinion satisfies the requirements of § 404.1527 and *Dowling*. Although the ALJ did not mechanically discuss each of the regulatory factors, *Dowling* does not require an express factor-by-factor analysis. Rather, the decision must demonstrate that the ALJ meaningfully considered the factors before assigning weight to the opinion. *Dowling*, 986 F.3d at 384-85.

That standard is met here. The ALJ expressly recognized Dr. Rossetter as "the claimant's psychiatrist," thereby acknowledging both her treatment relationship with Plaintiff and her specialization. Although the ALJ did not explicitly discuss the length of the treatment relationship, he cited to records which included Dr. Rossetter's treatment notes and was therefore presumably aware of their dates. The ALJ summarized the specific limitations assessed by Dr. Rossetter, afforded the opinion partial weight, and explained in detail why certain limitations were accepted while others were not. Specifically, the ALJ found that Dr. Rossetter's opinion was only "somewhat supported by and consistent with the record,"[4] noting that Plaintiff generally exhibited "unremarkable functioning on mental status examinations," "relatively good control of her symptomology," a "pleasant and euthymic mood," and only mild abnormalities in "memory, attention, concentration, insight, and judgment." Tr. 1207. The ALJ further explained that these findings supported many of Dr. Rossetter's assessed limitations and incorporated corresponding restrictions into the RFC. *Id.*

The ALJ also sufficiently explained why he declined to adopt Dr. Rossetter's opinion that Plaintiff would experience moderate limitations in completing a normal workday or workweek. In support, the ALJ observed that Plaintiff made only "rare complaints of concentration issues" during the relevant period, that mental status examinations generally reflected no deficits in attention or concentration aside from a single mild impairment noted in 2012, and that nothing in Plaintiff's treatment notes or subjective reports suggested she was unable to maintain a dependable

---

[4] Plaintiff contends that this phrase "conflate[s] the supportability factor with the consistency factor." ECF No. 10 at 7. However, the records cited by the ALJ encompass both treatment notes of Dr. Rossetter herself, which presumably formed the basis of her opinion as a treating provider, and those of other providers. While the ALJ did not explicitly make this distinction, taken as a whole his evaluation of Dr. Rossetter's opinion evidences consideration of both factors.

*Shari M. v. Frank Bisignano*
Civil No. 25-1398-SAG
June 26, 2026
Page 6

work schedule or complete a normal eight-hour workday. Tr. 1207. Thus, unlike in *Dowling*, the ALJ did not merely reject the treating source opinion in conclusory fashion, but instead built a logical bridge between the evidence and the weight assigned.

To the extent Plaintiff argues that the ALJ failed to explicitly discuss each regulatory factor, such argument amounts to a request that the Court require a more detailed discussion than either the regulations or *Dowling* mandate.

Plaintiff also argues that the ALJ disregarded other evidence supporting Dr. Rossetter's assessment, specifically the opinion of state agency reviewing psychologist Dr. Judith Schwartzmann that Plaintiff would need flexibility in her work schedule when her symptoms increased. ECF 13 at 4. Plaintiff is correct that the ALJ did not make mention of the similarity of the two opinions. However, as with Dr. Rossetter's opinion, the ALJ adequately explained his reasons for declining to credit or adopt that particular recommendation in Dr. Schwartzmann's report. Tr. 1205-06, including the lack of significant evidence in Plaintiff's examination reports suggesting any impairment in her ability to concentrate or sustain work at a normal pace.

Ultimately, because it is apparent from the decision that the ALJ considered the relevant factors and adequately explained the supportability and consistency of Dr. Rossetter's opinion, the Court finds no reversible error in the ALJ's evaluation of that opinion.

## V.    CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Stephanie A. Gallagher
United States District Judge